## CIRCUIT COURT OF ARLINGTON COUNTY

Monument Associates

v.

Owens-Corning Fiberglass
Corp. et al.

October 26, 1989

Case No. (Law) 87-353

By JUDGE THOMAS R. MONROE

Defendants filed motions to dismiss the motion for judgment upon the grounds that they were not served within the period of one year after commencement of the action against them as required by Rule 3:3 of the Rules of the Supreme Court of Virginia.

The motion for judgment was filed on April 30, 1987. Rule 3:3 of the Rules of the Supreme Court provides in part that:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

Service of process was effected on both defendants on May 3, 1988. April 30, 1988, was a Saturday and under Rule 3:3, plaintiff had until Monday, May 2, 1988, the next business day, to effect service. Thus, plaintiff was one day late in effecting service.

The issue is whether plaintiff *exercised due diligence to have timely service on defendants.*

Plaintiff argues that its supporting affidavit and other documentary evidence submitted in opposition to these motions to dismiss justifies a finding of fact by this Court that plaintiff exercised due diligence to have timely service made upon defendants. Plaintiff argues the following: that the affidavit of Judy L. Nailor, legal assistant to plaintiff's counsel, on April 25, 1988, seven days before the service deadline was due to expire, plaintiff formally requested the immediate service of the Motion for Judgment upon the Registered Agent for Owens-Corning. Ms. Nailor advised both the Deputy Clerk of the Circuit Court and the Sheriff of Henrico County that service of these pleadings on defendant had to be completed by Friday, April 29, 1988. The Deputy Clerk advised her that the Notice of Motion for Judgment would be prepared immediately and that there should be "no problem" with completing service of process within the April 29, 1988 deadline. The Sheriff of Henrico County provided similar assurances that service could be completed within this time frame. Ms. Nailor's Affidavit reflects a series of diligent actions on her part to ensure full compliance with Rule 3:3. In addition, on April 26, 1988, counsel for plaintiff sent courtesy copies of the Motion for Judgment to John J. Brandt, Esquire, Owens-Corning's counsel in this action, and to Robert A McOmber, Owens-Corning's in-house counsel in Toledo, Ohio. See Exhibit 1 hereto. Mr. Brandt's office has acknowledged receiving both this letter and the copy of the Motion for Judgment on April 27, 1988. It is important to note that since approximately May, 1987, Mr. Brandt and his law firm had represented Owens-Corning in companion litigation before this Court involving Monument Associates and the exact same set of factual and legal issues relating to the alleged defective condition of exterior building roofing systems in the River Place project in Arlington, Virginia (*River Place East Housing Corporation v. Gary Nordheimer, et al.*, Law No. 87-28).

Forwarding a letter and copy of the Motion for Judgment to John J. Brandt, Esquire, counsel for Owens-Corning, is not valid service on defendant. Attempts to secure service of process through the Clerk of Court and Sheriff of Henrico County cannot be substituted for valid service of process. Considering all other attempts by plaintiff,

individually and jointly, in this Court's opinion, does not satisfy the burden placed on plaintiff to prove "due diligence" as set forth in Rule 3:3.

The Court is of the opinion that Plaintiff has not brought itself within the exception provided in Rule 3:3. The defendant's motion to dismiss will be granted.