## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

AAM, Inc.

v.

Nicholas D. Capousis et al.

June 25, 1997

Case No. CL96-213

By JUDGE WILLIAM H. LEDBETTER, JR.

In this legal malpractice case, the question is whether co-defendant Capousis should be dismissed on the ground that Rule 3:3 precludes the entry of a judgment against him since he was not served with process for more than a year after the action was commenced.

### Facts

The plaintiff filed this action on May 23, 1996, as a follow-up to an identical case that was nonsuited in December of 1995.

In this motion for judgment, the plaintiff alleges that it was damaged when the defendants, law partners, negligently failed to perform certain professional services that they had undertaken on behalf of the plaintiff.

Defendant Evans was personally served at his law office at 10575 Crestwood Drive, Manassas, Virginia, on May 30, 1996. He filed a responsive pleading.

Service of process for Capousis was directed to 9401 Battle Street, Manassas, Virginia. The sheriff's return indicates "not found in my bailiwick." At the bottom of the return, Capousis' new address is noted: "1212 West St., Annapolis, Maryland 21401." Capousis has not filed a responsive pleading.

The case was set for trial. Shortly before the scheduled trial date, Capousis made a special appearance to move for a dismissal on the ground that he had not been served within one year after the action was commenced as required

by Rule 3:3 (also, Virginia Code § 8.01-275.1). The motion was heard on June 18, 1997, upon all parties' stipulation that Capousis could make a special appearance to argue the motion. The court took the matter under advisement.

## Decision

Only Capousis testified at the June 18th hearing. According to his testimony and the state of the record in this case, the following additional facts, all uncontroverted, are pertinent.

Capousis is a member of the Maryland and Virginia bars. He has been a resident of Maryland since 1986. For several years, he maintained a Virginia office at 9401 Battle Street in Manassas. (Evans also had an office there.) He moved his office to 1212 West Street in Annapolis, Maryland, in approximately 1994, more than two years before the attempted service on him at the Manassas office address. Since that time, he has listed the Annapolis address, not the Manassas address, with the Virginia State Bar.

After Capousis moved his practice to Annapolis, he worked out an arrangement with Evans whereby he uses an office in Evans' new quarters at 10575 Crestwood Drive in Manassas to meet occasionally with Virginia-based clients. However, he no longer maintains a regular law practice in Manassas or anywhere else in Virginia.

He was never served with process in this suit by an officer or private process server.

Nevertheless, he acknowledges that he received a copy of the suit papers in October, 1996, and he engaged in discussions about the litigation. He also acknowledges receiving notice of the trial date.

Rule 3:3 provides, in pertinent part:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service upon him.

Also see Virginia Code § 8.01-275.1, enacted in 1994, which tracks the language of the rule.

A dismissal under the rule terminates the claim against that defendant, with prejudice. See *Gilbreath v. Brewster*, 250 Va. 436 (1995).

The plaintiff has not attempted to show compliance with the rule by the exercise of "due diligence to have timely service" upon Capousis. Instead, the plaintiff argues that Capousis cannot take advantage of Rule 3:3 because, by

his own admission, process reached him. Therefore, the plaintiff contends, § 8.01-288 applies to cure the failure of proper service.

In pertinent part, § 8.01-288 provides:

[P]rocess that has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

Except for those cases to which the statute does not apply (e.g., divorce and annulment suits, or where process is to be served on an uninsured motorist carrier), this saving provision repairs the failure to properly serve a defendant with process if the suit papers are actually received by the defendant in a timely manner. See *Frey v. Jefferson Homebuilders*, 251 Va. 375 (1996).

It has been suggested that the saving provision should only apply to good faith efforts to serve process according to the various statutory provisions and not to permit a fraud or a deliberate scoffing at the rules of service of process. Bryson, *Handbook on Virginia Civil Procedure*, pp. 18-19 of 1996 cum. supp. (2d ed., 1989). Even applying that restriction to the operation of § 8.01-288, it is evident that in this case the saving provision applies and Capousis is before the court in personam, process having actually reached him in October of 1996.

The plaintiff attempted service in one of the statutory modes, i.e., personal service, at Capousis' Manassas, Virginia, law office. It turned out that Capousis had closed that office and moved his practice to Maryland, although he still maintained an office, albeit "infrequently used," at another address in Manassas. About five months after the action was instituted, he received the suit papers from the attorney who had represented him in the original, nonsuited, action. He discussed the case with others. He knew of the trial date, which was subsequently continued.

Accordingly, the court is of the opinion that the saving provision of § 8.01-288 applies, that by his own admission process reached Capousis long before the expiration of one year, and that under these circumstances he cannot avail himself of a dismissal order under Rule 3:3. Therefore, Capousis' motion will be denied.

Capousis will be granted leave to file a late responsive pleading within twenty-one days of the date of the order memorializing this opinion.

Capousis has moved for an award of attorney's fees against the plaintiff "for lack of due diligence and for lack of good faith filings." Given the court's ruling on Capousis' motion for dismissal under Rule 3:3, it is obvious that his request for attorney's fees must likewise be denied.