## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Ruth Elaine Skinner

v.

Tok Clements et al.

May 22, 1998

Case No. CL97-90

BY JUDGE WILLIAM H. LEDBETTER, JR.

Two questions are raised in this personal injury case: (1) whether the defendant is entitled to a dismissal for lack of timely service pursuant to Rule 3:3 and (2) whether the plaintiff can avoid a dismissal by suffering a nonsuit.

### Facts

This action arises out of an automobile accident that occurred in Spotsylvania County on April 28, 1995.

Skinner commenced this action on February 26, 1997, alleging that she sustained injuries in the accident as a result of Clements' negligence. Skinner did not request service, and none was attempted.

At the time this action was commenced, Skinner's attorney was engaged in discussions of the claim with Clements' insurer, State Farm. When the claims representative learned that suit had been filed, he mentioned it to Skinner's attorney. At some point, Skinner's attorney faxed a copy of the Motion for Judgment to the claims representative. Negotiations continued for several more months. The claims representative made a settlement offer. He also offered to submit the claim to arbitration. Skinner did not accept those

proposals. Instead, she sought additional documentation of her damages in order to persuade State Farm to increase its settlement offer.[1]

Meanwhile, Clements was never served.

When the claims representative heard nothing more from Skinner or her attorney, he forwarded the suit papers to counsel. On March 16, 1998, counsel filed on behalf of Clements a responsive pleading, a third-party claim for contribution against John Doe, and a motion for dismissal for lack of timely service. Three days later, Skinner filed a motion for nonsuit. Later, she filed other motions, including a motion to strike Clements' third-party claim.

The court heard these competing motions on April 20, 1998, and took the case under advisement pending submission of memoranda.

### Dismissal for Lack of Timely Service

Rule 3:3 provides in pertinent part:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service upon him.

The rule contemplates prompt, *bona fide* efforts to secure service on a defendant once an action has been filed and gives a court authority to dismiss the action because of delay in the service of process. *Nelson v. Vaughan*, 210 Va. 1 (1969); *Dennis v. Jones*, 240 Va. 12 (1990).

In 1994, the General Assembly effectively codified Rule 3:3. Virginia Code § 8.01-275.1 provides:

> Service of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant. Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant.

---

[1] Each attorney has attached various affidavits and other papers to his memorandum. The court does not rely upon any disputed facts contained in those attachments. A determination of those contested factual issues is unnecessary for a decision on the matters before the court.

"Due diligence" is not an issue in this case. Skinner concedes that no attempt has ever been made to serve Clements with process. Clements has not been served, much less timely served.

Skinner contends that Clements' insurer's knowledge of the suit is "effective as service." She cites § 8.01-288 and this court's opinion in *AAM, Inc. v. Capousis*, 42 Va. Cir. 451 (1997), in support of her contention. That argument is without merit.

In pertinent part, § 8.01-288 provides:

Process that has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

The defendant in *AAM, Inc. v. Capousis, supra*, was not served with process in a legal malpractice case against him for more than a year. However, the court found as a fact, based on the evidence presented at an *ore tenus* hearing, that the defendant had received copies of the suit papers within the one-year period, had engaged in discussions about the litigation, and had received notice of the trial date. Therefore, the court concluded that the saving provision of § 8.01-288 applied. Process had *reached the defendant* before the expiration of one year. Thus, under such circumstances, the defendant was not entitled to a dismissal under Rule 3:3.

Knowledge of a pending action is not the same as receipt of process. Process has not "reached the person to whom it is directed" just because that person may be generally aware that an action has been commenced against him. Here, process has not "reached the person to whom it is directed," i.e., Clements.

Even assuming that Clements was informed of the suit by her insurer or someone else at some time within a year after it was commenced – and there is no evidence of that – her awareness of the pending suit would not be equivalent to service or receipt of process and would not come within the saving provision of § 8.01-288.

Neither State Farm nor its claims representative is the "person to whom [process] is directed." Therefore, the insurer's knowledge of the suit, and even its receipt of a faxed copy of the suit papers, do not implicate the saving provision of § 8.01-288. State Farm's rights and responsibilities with regard to claims asserted against Clements are governed by its insurance contract with Clements. State Farm is not the alter ego of Clements for purposes of service of process.

Next, Skinner argues that State Farm's actions in this case constitute "bad faith negotiation." Elaborating, Skinner espouses the following position in her memorandum:

> While Rule 3:3 and Virginia Code § 8.01-275.1 require the plaintiff to exercise due diligence to effect timely service, due diligence did not come into play during the time that negotiations were ongoing, or if it did come into play, it was exercised.
>
> Both parties were agreed to be in negotiations. Both knew the suit was filed and had not been served. Neither had broken off negotiation … . During the time that plaintiff's counsel and the adjuster were in negotiation, the lawsuit was "on hold" … . Until one of the parties notified the other that negotiations were over, there was no need for service … .
>
> Thus Ms. Clements' motion to dismiss takes unfair advantage of plaintiff's good faith negotiations and should be denied … . To dismiss plaintiff's case would not only deny Ruth Skinner her day in court but also convey a message that would discourage good faith, direct negotiations with insurance companies in any personal injury suit whenever the statute of limitations or time for service draws near.

Skinner cites no authority for these propositions, and the court can find none. At bottom, settlement negotiations with an insurer do not toll the running of the statutes of limitation or the time within which service of process must be made or attempted on the defendant under Rule 3:3.

Finally, assuming without deciding the correctness of Skinner's assertion that Clements' insurer was bound by law to engage in good faith settlement negotiations with Skinner and her attorney, there is no evidence that State Farm did not do so. In fact, Skinner's argument about bad faith negotiations is not directed at the negotiations themselves but at State Farm's decision to respond to the pending case on behalf of Clements without notifying Skinner "that negotiations were over." State Farm had no such obligation. Further, if it had done as Skinner suggests it should have done, the result would be the same: State Farm would have notified Skinner that negotiations were over and *then* filed pleadings, including a motion to dismiss under Rule 3:3, on behalf of Clements. To avoid that result, Skinner's position must be that State Farm was obligated to cease negotiations and to notify her in plenty of time *prior* to the expiration of one year so that she could effect service of process on Clements. Again, State Farm had no such obligation.

For these reasons, the court is of the opinion that Rule 3:3 and § 8.01-275.1 apply to this case.

### Skinner's Right to Nonsuit

Skinner contends that she has a right to take a nonsuit, thereby pre-empting Clements' pending motion to dismiss.

Virginia Code § 8.01-380 entitles a plaintiff to one nonsuit as a matter of right if the provisions of the statute are met. *Nash v. Jewell*, 227 Va. 230 (1984); *Bremer v. Doctor's Building Partnership*, 251 Va. 74 (1996). This is so notwithstanding the plaintiff's failure to serve the defendant in a timely manner under Rule 3:3. *McManama v. Plunk*, 250 Va. 27 (1995).

The nonsuit statute expressly provides that a plaintiff "shall not be allowed to nonsuit a cause of action without the consent of the adverse party who has filed a … third-party claim … unless the … third-party claim can remain ending for independent adjudication by the court." Section 8.01-380(C).

In this case, Clements has filed a third-party claim for contribution against John Doe. Therefore, Skinner's right to nonsuit is subject to the limitations of § 8.01-380(C) quoted above.

Section 8.01-281 authorizes a defendant in a pending case to file a third-party claim seeking contribution or indemnification. Also see Rule 3:10. The purpose of the statute is to allow a defendant the opportunity to pass through to the third-party defendant all or part of the liability that might be imposed on the defendant by the plaintiff as the result of the misconduct of the third-party defendant. *Valley Landscape Co. v. Rolland*, 218 Va. 257 (1977). The defendant has a choice: bring the third party into the original litigation or wait and pursue an independent action against the third party. *Valley Landscape, supra.*

A third-party claim for contribution or indemnification, by its very nature, cannot "remain pending for independent adjudication" if the main claim is nonsuited. Therefore, subsection (C) of § 8.01-380 applies to preclude plaintiff's entitlement to a nonsuit. See *Gilbreath v. Brewster*, 250 Va. 436 (1995).

In an effort to remove Clements' third-party claim from consideration, and thereby remove the limitation of § 8.01-380(C), Skinner asserts that the third-party claim should be stricken. She offers two reasons.

First, Skinner contends that the third-party claim is without merit. At first, she argued that the claim was specious because there is no evidence of a "John Doe" vehicle involved in the collision. In a later memorandum, she

conceded that the accident report shows a third vehicle (indicated by an "X") and that the driver of the "X" vehicle may have "waved" for Clements to proceed across a traffic lane in front of Skinner, but nevertheless, she continues to maintain that the third-party claim is groundless.

Obviously, the court cannot strike the third-party claim based on the plaintiff's bare assertion that the operator of the "X" vehicle (John Doe) could not have caused or contributed to the accident. The fact that there now appears to have been a third vehicle whose operator may have signalled Clements in some way demonstrates that the third-party claim is not merely a maneuver to block Skinner's nonsuit, nor is it facially spurious or in bad faith.

Second, Skinner contends that Clements' third-party claim is barred by the statute of limitations. She contends that the third-party claim was brought more than two years after the cause of action arose. That argument is without merit.

The right to recover contribution or indemnification arises upon payment or discharge of the common obligation, and it is then that the statute of limitation begins to run. *Nationwide Ins. Co. v. Jewel Tea Co.*, 202 Va. 527 (1961). In *Gemco-Ware, Inc. v. Rongene Mold and Plastics*, 234 Va. 54 (1987), the Court held that a defendant's third-party claim is not dependent upon the existence of a *presently enforceable* cause of action by the plaintiff against the party from whom contribution or indemnification is sought. The Court emphasized the distinction between the main or underlying claim and the derivative claim for contribution or indemnification, noting that different statutes of limitation apply. The Court expressly held that *Rambone v. Critzer*, 548 F. Supp. 660 (W.D. Va. 1982), relied upon by Skinner, "misconstrued" Virginia law on this point and that the enactment of subsection (I) to § 8.01-229 did not change the result.

Therefore, Clements' third-party claim for contribution is not barred by the statutes of limitation.

## Conclusion

Skinner has no right to a nonsuit because of the limiting provisions of § 8.01-380(C), and her motion for nonsuit must be denied. Similarly, for the reasons explained above, Clements' third-party claim is not a nullity or otherwise invalid and will not be stricken. Clements' motion to dismiss for failure to timely serve process under Rule 3:3 will be granted, and the case will be dismissed with prejudice consistent with the holding in *Gilbreath, supra*.