## CIRCUIT COURT OF ROANOKE COUNTY

Thomas R. Whitt

    v.

Robert Patten, Jr.,
John Feldenzer,
Edmund Lesko,
James Vascik,
and Vincent Basile

July 6, 1998

Case No. CL96-632

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff's medical malpractice suit was filed within the statutory time limitation, but service of process on the Defendants was not accomplished for more than one year. Defendants filed answers and cross-claims. Plaintiff now argues that he used due diligence to obtain service, based on his actions during the nine days prior to the year lapsing. In the alternative, he argues that he should be allowed a nonsuit without prejudice. In their Motions to Dismiss, Defendants contend that the Plaintiff did not use due diligence to obtain service. They argue that his action should be dismissed with prejudice because the dictates of Rule 3:3 concerning the effect of their dependent cross-claims requires their consent to the Plaintiff's nonsuit, which they decline to give. The Court finds in favor of the Defendants.

### Due Diligence

The prohibition of Rule 3:3 is clear. "No judgment shall be entered against a Defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that

the Plaintiff exercised due diligence to have timely service on him." A similar rule of law has been codified in § 8.01-275.1. The Court finds as fact in this case that the attempts by the Plaintiff to serve five different Defendants nine days prior to the year lapsing after commencement of the action does not constitute the exercise of due diligence as contemplated by Rule 3:3 or by § 8.01-275.1. Accordingly, no judgment can be entered against five Defendants in the pending action.

## Voluntary Nonsuit

In the alternative, Plaintiff has moved the Court for a nonsuit in accordance with § 8.01-380. If such a nonsuit were granted without prejudice, Plaintiff would be able to avail himself of the six-month extension of time allowed by § 8.01-229(E)(3), refile his suit, and then effect service of process on the Defendants during the following year. Such a procedure would be permissible and would avoid the conflict between Rule 3:3, § 8.01-275.1, and § 8.01-380, provided the Defendants had not filed cross-claims. *See Clark v. Butler Aviation-Washington Nat'l, Inc.*, 238 Va. 506, 511 (1989).

In our case, each of the Defendants has filed cross-claims against one or more of the other Defendants. They seek indemnity and/or contribution from other Defendants provided the Plaintiff is successful in his action against them. In light of the request for joint and several liability against the Defendants, these cross-claims are an appropriate exercise of the Defendants' rights. They appear to be well grounded in fact and warranted by existing law, all as contemplated by § 8.01-271.1. They cannot be decided without an adjudication of the underlying action filed by the Plaintiff, as there can be no indemnity or contribution among the Defendants unless and until Plaintiff obtains judgment against them. The cross-claims cannot remain pending for independent adjudication by the Court if the Plaintiff is allowed to nonsuit his action. Therefore, the legislative dictates of § 8.01-380(C) as set forth below control the outcome of this case.

A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who had filed a counterclaim, cross-claims, or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim, cross claim, or third-party claim can remain pending for independent adjudication by the court.

The refusal by the Defendants to consent to the Plaintiff's nonsuit is fatal to his request. *See Gilbreath v. Brewster*, 250 Va. 436, 442 (1995). Plaintiff's motion for a nonsuit against each of the Defendants, as well as his motion for sanctions, are denied.

Counsel for Dr. Patten, the first Defendant named in this suit, should prepare an appropriate order dismissing the Plaintiff's action with prejudice and circulate the same for endorsement by counsel and for entry.