Larry V. Cook & Sons, Inc.

v.

Image Investment, L.P., et al.

February 9, 1999

Case No. CH98-112

By Judge John W. Scott, Jr.

This matter comes before the Court on the Defendants' Motion to Dismiss Count I of the Plaintiff's Bill to Enforce Mechanic's Lien. Upon a consideration of the pleadings, the argument of counsel, and a review of certain documents which by stipulation have been added to the record, the Court factually and procedurally summarizes the case as follows.

By deed of trust dated September 19, 1996, recorded in the Clerk's Office of the Circuit Court for the City of Fredericksburg in Deed Book 293 at page 500, the Defendant, Image Investment, L.P., conveyed real estate located in the City of Fredericksburg, Virginia, (approximately twenty acres) to two trustees, either one of whom may act to secure an indebtedness to Robert H. Keller and Louise Keller.

On October 22, 1997, the Plaintiff, Larry V. Cook and Sons, Inc., filed a Memorandum of Mechanic's Lien, which is recorded in the Clerk's Office of the Circuit Court for the City of Fredericksburg in Deed Book 304 at page 560, against the Defendants' property that is described in the paragraph above. On April 21, 1998, Robert H. Keller and Louise Keller recorded a document in the Clerk's Office of the Circuit Court for the City of Fredericksburg naming William J. Kinnamon as substitute trustee on the aforementioned Deed of Trust. The document designating Kinnamon as trustee is recorded in Deed Book 309 at page 765 in the Clerk's Office of the Fredericksburg Circuit Court. On April 22, 1998, one day after the recordation of the document naming Kinnamon as substitute trustee, the

Plaintiff, Larry V. Cook and Sons, Inc., filed its Bill to Enforce Mechanic's Lien in the Clerk's Office of this Court. That pleading does not designate William J. Kinnamon, trustee, as a party.

In the interim, the Defendant, Image Investment, Limited Partnership, has filed a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court, in which it has submitted a plan to complete the development of the subject property selling it as lots and paying the various claimants. The Defendants Kellers have received a stay from the Bankruptcy Court to permit them to file motions to determine if the necessary parties have been joined in certain mechanic's lien suits and whether those cases should be dismissed.

## I. *Is the Motion to Dismiss Premature?*

The Plaintiff argues and the Court has confirmed that this action has not been served. The Plaintiff has the right to file an action and request, under Virginia law, that service be delayed. In this instance, the Defendant has voluntarily entered a limited appearance before this Court for the purpose of adjudicating the Motion to Dismiss. Such an appearance is not precluded by the Supreme Court of Virginia. In the case of *Reynolds v. Alexandria Motor Bus Line, Inc.*, 141 Va. 213 (1925), the Court spoke in terms of a party voluntarily coming into court or being brought in by proper process. Furthermore, in the case of *Skinner v. Clements*, 45 Va. Cir. 482 (1998), the Spotsylvania County Circuit Court granted a Motion to Dismiss in a personal injury action that had not been served where it was apparent on the face of the pleadings that the suit was barred by the Statute of Limitations.

This Court finds that the Defendants have properly made a limited appearance for the purpose of adjudicating their Motion to Dismiss.

## II. *Is the Plaintiff Entitled to a Trial by Jury to Determine Certain Factual Issues Raised by the Defendant's Motion to Dismiss?*

The Plaintiff contends that the court cannot determine whether or not all of the necessary parties are before the court and therefore dispose of the Defendant's Motion to Dismiss. The Plaintiff argues that certain factual issues must be proven before the motion is decided. Those issues include:

1. Whether the Kellers were the note holders at the time they attempted to substitute a trustee.

2. The language and proper interpretation of any Note, Deed of Trust, Supplemental Trust, Substitution of Trustees, or other documents.

3. What was the status of the original trustees?

4. The impact at the time of the attempted substitution of trustees on the original trust and the supplemental trust when only the original trust was referenced in the document attempting the substitution of said trustees.

The Court notes that the mechanic's lien filed by the Plaintiff makes no reference whatsoever to the property which is the subject of the Supplemental Trust. Therefore, any issues pertaining to that trust are not the subject of this particular suit. The Plaintiff contests all issues pertaining to the substitution of trustees and the authority of the Kellers to attempt such a substitution.

The Defendant concedes that the Plaintiff has a right to request that disputed issues of fact be resolved by a jury trial. Section 8.01-336(D), Va. Code (1950, as amended), is dispositive of this issue and states in part:

> [When] a plea has been filed to an equitable claim and the allegations of such plea are denied by the Plaintiff, either party may have the issue tried by jury.

Accordingly, the Plaintiff's request for trial by jury is granted. The Court is not in a position, therefore, to dispose of the Defendant's Motion to Dismiss until the factual issues have been decided.

### III. *Does the Designation of "Office of Trustee" Satisfy the Requirement That the Plaintiff Bring All Necessary Parties Before the Court?*

Plaintiff argues that its designation of the "Office of Trustee" is sufficient to bring all of the necessary parties before the court. The Plaintiff does not allege that either of the named trustees was physically or mentally disabled, unable to serve for any legal reason, or had resigned. Consequently, while all of the theoretical circumstances, which were described by the Plaintiff, may be quite valid, none of them exists in this particular case. Therefore, the Court finds that the designation of the "Office of Trustee" as a party is not, in and of itself, sufficient to determine that all necessary parties are before the court.