# CIRCUIT COURT OF THE CITY OF ROANOKE

Donna Ann Lawson

v.

Andrew G. Roth et al.

June 18, 2003

Case No. CL02-376

BY JUDGE CHARLES N. DORSEY

The defendants have moved to dismiss as to Dr. Andrew G. Roth and Carilion Health System alleging that the plaintiff failed to make timely service within one year of filing of the motion for judgment in violation of Rule 3:3(c) of the Rules of the Virginia Supreme Court and Virginia Code § 8.01-275.1. The plaintiff concedes that service was more than a year after filing but further alleges that due diligence was exercised by the plaintiff and consequently service is timely pursuant to the provisions of the Rule and statute. Defendants have withdrawn their identical argument pertaining to Blue Ridge Plastic Surgery, P.C., and Thomas E. Shuler, M.D.

*Facts*

Inasmuch as the only issue is due diligence, facts have been proffered by all counsel and accepted by the Court. This action was filed in the Roanoke City Circuit Court Clerk's Office on April 12, 2002. Blue Ridge Plastic Surgery, L.L.C., was served on April 14, 2003; Dr. Thomas E. Shuler was also served on April 14, 2003; Dr. Andrew G. Roth was served on April 15, 2003; and Carilion Health System was served on April 15, 2003.[1] This medical

---

[1] Though Mr. Cornelison's correspondence makes mention of Dr. Shuler being served on April 15, 2003, which would change the analysis in this matter, the file reflects service on April 14 and the defendants have withdrawn their motion as to Dr. Shuler.

malpractice action arises out of a motor vehicle accident which occurred on March 21, 2000, and which was settled in May 2002. The present action was filed shortly before the settlement in the personal injury action and service was deliberately not sought inasmuch as the plaintiff believed, at the time of filing, that she might well need the support or testimony of the physicians involved in this action to assist her in the personal injury action and did not wish to alienate them. Plaintiff's counsel did not believe that he could request service of process until authority was obtained from the plaintiff. Though the precise sequence of the events is not entirely clear, it is uncontested that the plaintiff's health deteriorated, her family circumstances led to a separation from her husband and the temporary loss of her two children, and her financial circumstances took a down turn which resulted in a Chapter 7 bankruptcy with loss of her home. During this time, she also moved from the Roanoke area to the Pulaski area, unbeknownst to her counsel. Plaintiff's counsel made repeated attempts to get in touch with her, to no avail. Plaintiff's counsel checked the Internet for pending divorce cases in March of this year and sent a certified letter on April 2 of this year which was returned. Finally, the plaintiff actually contacted her counsel, by phone, on April 8, 2003. Plaintiff's counsel promptly, by hand delivery to the clerk's office, sought issuance of process the same day. Due to a request by the clerk's office, plaintiff's counsel also forwarded correspondence the following day, requesting that process be issued. Process was, in fact, issued on April 9 with service subsequently made as set out above. No motion for nonsuit has been made. *See, Clark v. Butler Aviation*, 238 Va. 506, 385 S.E.2d 847 (1989).

## Analysis

The sole issue as to Dr. Roth and Carilion Health System is whether the plaintiff exercised due diligence to have timely service made on them.[2] The 15th of April, 2003, is clearly outside the one year limit for service of process established by both Rule of Court and statute. As was made clear by

---

[2] As noted, defendants have withdrawn their motion to dismiss on identical grounds as pertains to Blue Ridge Plastic Surgery, L.L.C., and Dr. Thomas E. Shuler, both of whom were served on April 14, 2003. April 12 fell on a Saturday this year. April 14 was the following Monday, the next business day, and Rule 3:3 has been held to be subject to the saving provision of Virginia Code § 1-13.3:1. *Frey v. Jefferson Home Builders, Inc.*, 251 Va. 375, 467 S.E.2d 788 (1996). Those two defendants were consequently timely served.

*Waterman v. Halverson*, 261 Va. 203, 540 S.E.2d 867 (2001) ("There is no variance between Rule 3:3(c) and Code § 8.01-275.1.") Service having clearly been made more than one year from the date of filing, the only issue is whether the plaintiff exercised due diligence to have timely service made. Whether due diligence has been used is a factual question to be decided in each case. *See, Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990).

In the context of the propriety of service on a tortfeasor through the Commissioner of Division of Motor Vehicles, the Supreme Court of Virginia discussed "due diligence." The Court stated that "diligence means 'devoted and painstaking application to accomplish an undertaking'." *Dennis v. Jones, supra.*

The Supreme Court of Virginia, in the context of discovering fraud, stated that due diligence meant "such a measure of prudence, activity, or assiduity, as is properly to be expected from, and exercised by, a reasonable and prudent man under the particular circumstances, not measured by any absolute standard, but depending on the relative facts of the special case." *STB Marketing Corp. v. Zolfaghari*, 240 Va. 140 (1990) (citations omitted). Former Justice Roscoe B. Stephenson, while a judge of the Circuit Court of Bath County, wrote an opinion pertaining to diligence in making service within the one year rule, and defined diligence as "the application of a constant effort to accomplish an undertaking; it is that constancy or steadiness of purpose ... which is usual with men engaged in like enterprises, who desire speedy accomplishment of their designs ... the doing of an act or series of acts with practical expediency and without delay." *Marshall v. McDaniel*, 9 Va. Cir. 369 (1974) (citation omitted).

In the present case, it is important to distinguish between the actions of the plaintiff personally and the actions of her counsel. Plaintiff's counsel clearly has tried to be diligent but has had to spend the bulk of his time seeking the plaintiff, who moved outside of the Roanoke Valley without keeping her counsel advised.

Additionally, it is important to not confuse "due diligence" and "good cause." "Good cause," under which untimely service of process in the federal system may be excused, may encompass health limitations. The "good cause" standard is broader than the "due diligence" standard. In contrast to the "good cause" standard, "With the 'due diligence' standard other events occurring in one's life are not accounted for." *Londeree v. Crutchfield Corp.*, 68 F. Supp. 2d 718 (W.D. Va. 1999).

The plaintiff urges that inasmuch as there was "adequate time to serve the four defendants who had their principle places of business located within this jurisdiction," due diligence was exercised. There have been numerous circuit court opinions holding specifically to the contrary. *Earp v. Dynasty Hair Salon, Inc.*, 48 Va. Cir. 292 (1999) ("The plaintiff made no attempt at service until shortly before the expiration of the one year period."); *Whitt v. Patten*, 46 Va. Cir. 149 (1998) ("attempts by the plaintiff to serve five different defendants nine days prior to the year lapsing"); *Monument Associates v. Owenings-Corning Fiberglass Corp.*, 17 Va. Cir. 369 (1989) ("seven days before the service deadline was due to expire, plaintiff formally requested ... immediate service"); *Finn v. Fancher*, 37 Va. Cir. 449 (1996) ("for ten of the twelve months following filing ... nothing was done to ... effectuate service").

The facts and circumstances in this case make clear that, through no fault of counsel, no attempt at service was made until merely four days prior to expiration of the one year period. None of the definitions of "due diligence" cited above fit the facts of this case. The purpose and intent of Rule 3:3 and Virginia Code § 8.01-275.1 is to avoid abuse of the judicial system. *See, Gilbreath v. Brewster*, 250 Va. 436, 463 S.E.2d 836 (1995). The facts of this case cannot be squared with that purpose, and I, accordingly, find that due diligence was not used by the plaintiff to affect service within the one year limit. The motion to dismiss the case against the defendants Andrew G. Roth, M.D., and Carilion Health System, d/b/a Carilion Roanoke Memorial Hospital, is granted. Pursuant to *Gilbreath v. Brewster*, this dismissal is with prejudice.