Present: All the Justices

CLARENCE C. GILBREATH, ET AL.

v.      Record No. 950178      OPINION BY JUSTICE ELIZABETH B. LACY
                                    November 3, 1995
PAMELA J. BREWSTER, ET AL.

                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       Paul F. Sheridan, Judge


        The primary issue in this appeal is whether the dismissal of an action pursuant to Supreme Court Rule 3:3 for lack of timely service is with or without prejudice.

        The relevant facts are undisputed. On July 11, 1991, a traffic accident occurred involving two vehicles, one driven by Pamela J. Brewster and the other driven by Clarence C. Gilbreath, an employee of Wells Cargo, Inc. On July 9, 1993, Brewster and Victoria Ann Brann, a passenger in the Brewster vehicle, filed separate motions for judgment against Gilbreath and Wells Cargo alleging that Gilbreath's negligence caused the accident and seeking recovery for personal injuries allegedly sustained in the accident. Service was obtained on both defendants approximately 13 months after the actions were filed.

        Gilbreath and Wells Cargo (collectively "Gilbreath") filed responsive pleadings, asserted a counterclaim for property damage in the action filed by Brewster, and asserted a third-party claim for contribution against Brewster in the action filed by Brann. In addition, Gilbreath filed motions to dismiss in both cases for failure to effect service within one year after commencement of the action pursuant to Rule 3:3.

The trial court heard the two actions together. At the hearing on the motions to dismiss, Brewster and Brann requested nonsuits. The trial court determined that Brewster and Brann had not exercised due diligence in trying to effect service, but granted their motions for nonsuits. Gilbreath filed a motion for reconsideration, arguing that Brewster and Brann were not entitled to nonsuits as a matter of right under Code § 8.01-380 because Gilbreath's counterclaim and third-party claim could not be independently adjudicated. The trial court agreed and vacated the nonsuit orders. The trial court then granted Gilbreath's motions to dismiss pursuant to Rule 3:3 and entered orders dismissing the actions without prejudice.

Gilbreath appealed the judgments, asserting that dismissal of an action pursuant to Rule 3:3 should be with prejudice. Brewster and Brann assigned cross-error asserting that they were entitled to nonsuit their actions and the trial court erred in vacating its orders granting the nonsuits. The cases were consolidated for appeal.

### Rule 3:3

Rule 3:3 provides in pertinent part:
> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

We have not previously addressed whether this Rule requires that dismissal be with prejudice when service on the defendant

is not perfected within one year and the trial court finds a lack of due diligence by the plaintiff.[1]  Brewster and Brann (collectively "Brewster") argue that the dismissal under Rule 3:3 must be without prejudice for two reasons:  (1) the dismissal is not based on the merits of the claim; and (2) a dismissal with prejudice would conflict with Code § 8.01-229(E)(1), and therefore, the statute must prevail.  <u>Clark v. Butler Aviation</u>, 238 Va. 506, 511, 385 S.E.2d 847, 850 (1989).  These arguments are not well taken, however.

First, contrary to Brewster's assertion, not all dismissals terminating a cause of action without determining the merits are dismissals without prejudice.  A dismissal based on a plea in bar, such as a plea of sovereign immunity, is a dismissal with prejudice.  In these circumstances, the ability of a plaintiff to pursue a claim against the defendant is finally determined, although not on the merits of the plaintiff's claim against the defendant.  Therefore, a

---

[1]In <u>Dennis v. Jones</u>, 240 Va. 12, 393 S.E.2d 390 (1990), we held that the plaintiff did not exercise due diligence in his attempts to secure service on the defendant and that the defendant was not served within the one year period.  While we directed that the dismissal under Rule 3:3 be with prejudice, <u>id.</u> at 20, 393 S.E.2d at 394, the nature of the dismissal, the issue in this case, was not an issue in <u>Dennis</u>.

Similarly, in <u>Strickland v. Simpkins</u>, 221 Va. 730, 273 S.E.2d 539 (1981), the plaintiff asserted that a dismissal under Rule 3:3 was without prejudice and qualified for the tolling provisions of the then recently enacted Code § 8.01-229(E)(1). The court did not address the issue because it concluded that Code § 8.01-229(E)(1) did not apply under the circumstances of that case.

dismissal under Rule 3:3 is not precluded from being a dismissal with prejudice even though the merits of the plaintiff's claim were not determined.

We also reject Brewster's second premise, that a dismissal with prejudice conflicts with Code § 8.01-229(E)(1). That Code section contains tolling provisions which allow an action, previously terminated "without determining the merits," to avoid a second dismissal based on a plea of the statute of limitations. The statute applies, however, only when the claim can be refiled following a dismissal. It is the nature of the prior dismissal which determines whether the action remains viable.

A dismissal with prejudice generally is "as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff," and it not only terminates the particular action, "but also the right of action upon which it is based." Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956). See also Reed v. Liverman, 250 Va. 97, 100, 458 S.E.2d 446, 447 (1995). For example, as discussed above, a dismissal with prejudice on the basis of a plea in bar, is conclusive as to the rights of those parties, even though the substantive claim of the plaintiff has not been litigated on the merits. Thus, for purposes of Code § 8.01-229(E)(1), a dismissal with

prejudice is a determination on the merits.[2]  The claim in that

situation is no longer viable and the plaintiff does not have a

right to the tolling provisions of Code § 8.01–229(E)(1).  A

dismissal with prejudice affects only the viability of the

claim, its ability to be litigated on the merits.  Therefore, a

dismissal with prejudice does not conflict with Code § 8.01–

229(E)(1).

Clark v. Butler, relied on by Brewster, does not affect

the above analysis.  Clark involved the interplay between Rule

3:3 and the nonsuit statutes.  That statutory scheme is

significantly different from the single statute under

consideration here.  In Clark, failure to comply with Rule 3:3

was raised in the first action, but a nonsuit was requested and

granted.  The claim was refiled and the Rule 3:3 violation in

the first action was again asserted as a basis for dismissal.

238 Va. at 508, 385 S.E.2d at 847.  This Court held that a

violation of Rule 3:3 in the original action could not be used

to bar prosecution of the refiled action and, therefore, no

conflict existed between the Rule and the statutes in issue.

Id. at 511–12, 385 S.E.2d at 849–50.  Nothing in the holding of

Clark suggests that a conflict would exist between a case

terminated with prejudice, although not resolved on the merits,

---

[2]A dismissal with prejudice may not always operate as a res
judicata bar to a subsequent action, Virginia Concrete, 197 Va.
at 825, 91 S.E.2d at 418, but these exceptions are not relevant
in this case.

and Code § 8.01-229(E)(1).

Having determined that the arguments presented by Brewster do not require that a dismissal under Rule 3:3 be without prejudice, we turn to our original consideration -- whether a dismissal under Rule 3:3 is with or without prejudice.

The Rule itself is silent; however, to allow dismissal without prejudice renders the Rule ineffective. The purpose of Rule 3:3 is to provide for timely prosecution of lawsuits and to avoid abuse of the judicial system. If a dismissal under the Rule were without prejudice, a litigant could repeatedly file an action without serious attempt to serve the defendant. This practice clearly would be an abuse of the system. To sanction this abuse would be particularly offensive because dismissal under the Rule requires a determination that the plaintiff did not use due diligence in attempting to secure service on the defendant. A dismissal without prejudice under these circumstances would condone the plaintiff's lack of diligent prosecution.

Furthermore, if dismissal under Rule 3:3 were without prejudice, the tolling provisions of Code § 8.01-229(E)(1) could be invoked, allowing repeated filings which effectively nullify the statute of limitations and potentially allow harassment of the defendant. See W. Hamilton Bryson, <u>Handbook on Virginia Civil Procedure</u>, at 99-100 (2d ed. 1989); Leigh B. Middleditch, Jr. & Kent Sinclair, <u>Virginia Civil Procedure</u>

§ 7.12, at 375-79 (2d ed. 1992).  If a plaintiff who has suffered a dismissal for failure to comply with Rule 3:3 retains the right to refile the cause of action against the previously unserved defendant, both the purpose of Rule 3:3 and the statute of limitations are undermined.

Accordingly, we conclude that a dismissal under Rule 3:3 is a dismissal with prejudice and the trial court erred in dismissing Brewster's and Brann's actions without prejudice.[3]

### CROSS-ERROR

Code § 8.01-380 gives a plaintiff a statutory right to one nonsuit even if a counterclaim or third-party claim is pending, if those claims can be independently adjudicated.  Brewster asserts that Gilbreath's counterclaim was in effect a "nullity" and that the third-party claim could be independently litigated and, therefore, the trial court erred in vacating its orders granting nonsuits in the personal injury actions.  We disagree.

Rule 3:8 allows a defendant to plead as a counterclaim any claim, regardless of whether it relates to the original transaction and irrespective of the amount claimed.  Although the amount of the counterclaim here was only $50, an amount which, in an independent suit, would place the claim

---

[3]We note that in 1994, the General Assembly enacted Code § 8.01-275.1, which codifies the one year service provision of Rule 3:3.  This Code section, like the Rule, does not address the effect of the dismissal.  That statute is not at issue in this case.

exclusively within the general district court's jurisdiction, Code § 16.1-77, the counterclaim was not a nullity as argued by Brewster. Furthermore, resolution of this claim would require determination of Brewster's liability for the accident. Thus, Gilbreath's claim could not be independently adjudicated because "adjudication of one claim would be an adjudication of both." Lee Gardens Arlington Limited Partnership v. Arlington County Board, 250 Va. ___, ___ S.E.2d ___ (1995), decided today.

Finally, Brewster argues that prohibiting the nonsuit because of the existence of a third-party claim "works an absurdity" because, due to the derivative nature of a third-party claim, the defendant cannot be prejudiced if the plaintiff takes a nonsuit. This argument is directly contradicted by express language in Code § 8.01-380(C), which refers specifically to third-party claims. There is no question that a third-party claim is a derivative claim and as such it cannot be adjudicated independently. Therefore, the clear intent of the General Assembly was to prevent a plaintiff from taking a nonsuit without the defendant's consent if a third-party claim is pending.

In summary, Gilbreath's counterclaim was not a nullity and could not be independently adjudicated. Similarly, the third-party claim could not be independently adjudicated. In the absence of Gilbreath's consent to a nonsuit, the trial court

did not err in vacating its orders of nonsuit.

Accordingly, we will affirm those portions of the trial court's orders vacating its previous orders granting nonsuits. We will reverse those portions of the trial court's orders dismissing Brewster's and Brann's personal injury actions without prejudice and enter judgment dismissing the actions with prejudice.

<u>Affirmed in part,
reversed in part,
and final judgment.</u>