## CIRCUIT COURT OF THE CITY OF RICHMOND

Beverly D. Schurr

v.

Marijan Gospodnetic et al.

November 1, 1996

Case No. LA-1699-4

BY JUDGE MELVIN R. HUGHES, JR.

In this medical malpractice case, one of the defendants, Chippenham & Johnston-Willis Hospitals, Inc., has filed a Motion To Dismiss under Rule 3:3(c) of the Rules of the Supreme Court of Virginia. The rule provides in pertinent part that "[n]o judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."

The parties agree that the only attempt to accomplish service on this defendant was on the last day of the year that service could be made. On that day plaintiff sought to serve this defendant's registered agent at an office address according to records maintained by the State Corporation Commission but the attempt was not successful. The Sheriff of Chesterfield County returned the service papers noting that, referring to defendant's registered agent, "she no longer has a[n] office at this address. This paper needs to be sent to Chippenham in Richmond." Counsel for this defendant represented that the registered agent does indeed have an office at the place where service was attempted, but was merely not present at the time. Counsel also represented that the registered agent had offices at other locations at the time, namely, Chippenham Hospital, John Randolph Hospital, Retreat Hospital, and Henrico Doctors Hospital. Without disputing any of these assertions, plaintiff argued that it was reasonable to rely on the office address given by the State Corporation Commission, the only

one on record, and that she was duly diligent in her reliance on that information even though service was attempted but not made.

While this defendant has made an appearance and has filed a grounds of defense and a cross-claim, the fact of the matter is that this defendant has never been served with process.[1] The Rule, 3:3, and a statute, § 8.01-275.1, both require that service be made within one year. If service is made after one year, in the words of the rule, "more than one year after the commencement of the action," then on a finding that plaintiff used due diligence to have timely service, a motion under the Rule 3:3 would not be well taken. Here, there was no attempt at service at all until the last day of the year service could be made. For that matter there is no showing that service was attempted after the one and only try. A due diligence inquiry is not necessary because under the facts and according to the rule service was not made within one year.

Because service was not made within one year Rule 3:3 requires dismissal and the dismissal according to *Gilbreath v. Brewster*, 250 Va. 436, 441 (1995), is with prejudice.

---

[1] There is no issue regarding this defendant's filing of its grounds of defense.