# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

James Milton Dials et al.

v.

Lee's Hill Partnership

December 19, 1996

Case No. CH95-399

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether this suit should be dismissed pursuant to Virginia Code § 8.01-275.1 and Rule 2:4 because the defendant has not been timely served with process, even though the defendant made an appearance earlier in the case in opposition to a motion for a temporary injunction.

### Facts

The plaintiffs instituted this chancery suit on August 15, 1995, to enjoin the defendant, developer of Lee's Hill Subdivision, from developing certain areas within the subdivision. The plaintiffs contend that any such further development would be contrary to representations made to them by the defendant's agents about the proposed termini of some of the streets and the amount of "green space" that would be preserved in the subdivision.

At the same time, the plaintiffs filed a motion for temporary injunction. The plaintiffs' attorney hand-delivered a copy of the motion, notice of hearing, and bill of complaint to local counsel for the defendant, but no papers were served on the defendant.

The hearing on the temporary injunction took place on October 16, 1995, a date agreed upon by counsel. At the time, the defendant still had not been

served with process. Nevertheless, the defendant appeared in opposition to the motion, cross-examined witnesses, presented evidence, made arguments, and filed a memorandum. After a full hearing, the court denied the plaintiffs' motion for a temporary injunction.

Nothing more occurred until October 1, 1996, when the defendant filed a motion to dismiss the proceedings on the ground that the defendant has never been served with process. The plaintiffs countered with a motion for default, asserting that the defendant's appearance on October 16, 1995, constitutes a waiver of the necessity for service of process, and the defendant is in default because it has never filed a responsive pleading.

These motions were argued on December 16, 1996, and taken under advisement.

## Decision

The plaintiffs concede that the defendants have never been served with process in any of the modes prescribed by law. They also concede that more than a year has elapsed since the institution of the suit, thereby triggering Rule 2:4 *but for* the defendant's appearance in the case.

Rule 2:4 provides:

> No decree shall be entered against a defendant who was served with process more than one year after the institution of the suit against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

A Rule 2:4 dismissal is a dismissal with prejudice. *Gilbreath v. Brewster*, 250 Va. 436 (1995). Also see Virginia Code § 8.01-275.1

Due diligence is not an issue. As noted above, the plaintiffs concede that the defendant has never been served with process during the sixteen months that the case has been pending.

Simply put, the plaintiffs contend that when the defendant appeared on October 16, 1995, in opposition to the motion for a temporary injunction, it waived formal service of process. Under such circumstances, the plaintiffs argue, Rule 2:4 does not apply.

The defendant argues that its appearance on October 16, 1995, was a "special appearance," so that it has not submitted to the jurisdiction of the court.

It is well settled that a general or voluntary appearance in a case by a defendant is equivalent to service of process and confers jurisdiction of the

person on the court. This is because the object of process is to notify persons of the litigation and bring them before the court. Appearance answers the same purpose. Any appearance, except to challenge jurisdiction, is a general appearance and dispenses with service of process. See 2A M.J., *Appearances*, § 14.

In this case, the defendant appeared voluntarily in opposition to the plaintiffs' request for a temporary injunction. Although the defendant noted in open court and in its memorandum that it was making a "special appearance" in opposition to the motion for temporary injunction, its opposition was *not* based on lack of service — it agreed to the hearing date of October 16, 1995, without having been formally served with process — or on any other jurisdictional ground. Instead, the defendant proceeded to defend the request for a temporary injunction *on the merits*. It offered evidence and arguments with respect to the substance of the plaintiffs' claims. It did not ask the court to rule on any jurisdictional issue. It obtained the relief it sought: a denial of the motion for temporary injunction, not a ruling that the court had no jurisdictional authority to decide the matter for lack of service of process.

Formal "special appearances," with all the attendant niceties, are no longer necessary. In modern practice, an objection to jurisdiction can be made prior to or simultaneously with an act constituting a general appearance. See Virginia Code § 8.01-277; Bryson, *Handbook on Virginia Civil Procedure* (2d ed. 1989), pp. 129 *et seq*. However, a defendant cannot submit to the authority of the court and seek a ruling on the merits of the case, maintaining all the while that it is making only a "special appearance." This brings to mind the old adage: a mule by any other name is still a mule. A general appearance by any other name is still a general appearance. Regardless of the label one attaches to it, when a defendant appears voluntarily and argues substantive issues in a case, he waives objection to want of service and confers jurisdiction of the person on the court. This is the case here.

Once a defendant has waived objection to want of service and has submitted to the jurisdiction of the court by appearing voluntarily in the case, Rule 2:4 and Virginia Code § 8.01-275.1 do not apply.

For these reasons, the court denies the defendant's motion to dismiss.

Nevertheless, no default judgment will be entered against the defendant for its failure to file a responsive pleading. The fact remains that it has never been served with process, no further proceedings have been conducted or requested, and the plaintiffs would suffer no prejudice if the court allowed a late filing. Further, the court notes that the only ruling made in this case was unfavorable

to the plaintiffs and addressed the merits - at least in a preliminary matter - of the plaintiffs' claim. Therefore, the time allowed for filing a responsive pleading will be extended, pursuant to Rule 1:9, for a period of twenty-one days from the date of the order memorializing this opinion.