# CIRCUIT COURT OF LOUDOUN COUNTY

Community Borrowers
and Trust Corp.

v.

American Home Builders
of Virginia, Inc., et al.

June 10, 1998

Case Nos. (Chancery) 18096 and (Law) 20074

BY JUDGE THOMAS D. HORNE

Community Borrowers and Trust Corporation seeks damages from defendants American Home Builders of Virginia, Inc., American Transfer Co., Inc., and Stephen A. Macturk as a result of their default on certain notes and a guarantee agreement. In addition, it seeks to set aside a default judgment rendered in favor of American Home Builders of Virginia, Inc., and Mr. Macturk on August 23, 1996, based upon fraud, accident, or mistake. A plea of recoupment set out in the chancery cause restates the claim for damages based upon defendant's default upon certain notes and a guarantee agreement.

Counsel for defendants has filed motions to dismiss and for summary judgment in their favor as to the damage claims. They suggest such claims are barred on grounds of *res judicata*. In support of their motion, they call the court's attention to its order of July 1, 1996, in Law No. 11495. By such order, the Court dismissed an earlier action based on the same notes and guarantee agreement. Dismissal of the earlier action was in accordance with the provisions of § 8.01-335(B), Code of Virginia. At the time of the earlier dismissal, that statute provided in pertinent part,

> [a]ny court in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be dismissed, and such dismissal may occur in the

discretion of the court upon notice to all parties at their addresses as shown in the pleadings.·

The provision cited is to be contrasted with other provisions of the statute which permit the discontinuance of an action after a period of two years during which there has been no order or proceeding in a case.

·This Court has previously determined that a dismissal after three years is deemed to be without prejudice. *American Horse Protection Assoc., Inc. v. Carter*, 25 Va. Cir. 209 (1992). In its decision, the Court in *American Horse* relied upon the provisions of § 8.01-229(E)(1), Code of Virginia. That statute provides, in pertinent part:

> if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

· Since the Court's decision in *American Horse*, not only has the General Assembly amended the statute but the Supreme Court has offered us guidance as to the relationship between the provisions of § 8.01-229(E)(1), a merits determination, and the dismissal of an action "with prejudice." More particularly, it has addressed the issue of whether the dismissal of an action by way of procedural rule may constitute a determination on the merits and thus be conclusive of the rights of the parties. *Gilbreath v. Brewster*, 250 Va. 436 (1995). In answering this inquiry in the affirmative, Justice Lacy noted:

> A dismissal with prejudice affects only the viability of the claim, its ability to be litigated on the merits. Therefore, a dismissal with prejudice does not conflict with Code § 8.01-229(E)(1).

*Gilbreath*, at 440.

While the Supreme Court in *Gilbreath* considered the implications of a dismissal pursuant to Rule 3:3, Rules of the Supreme Court of Virginia, the reasoning of the Court in that case is equally germane to a consideration of the statute under consideration here. Counsel for the defendants have noted that § 8.01-335(B), Code of Virginia, is a statute of repose. Its purpose is "the timely prosecution of lawsuits and to avoid abuse of the judicial system." *Id.* at 441. Thus, *Gilbreath* is helpful in harmonizing the provisions of § 8.01-229(E)(1) with the distinction drawn by the legislature between the

discontinuance and dismissal of a pending action. That is, absent fraud, accident, or mistake, it is reasonable to conclude that the longer a case has languished without action, the greater potential for abuse of the system and less likelihood that a party may be interested in pursuing his claim.

Accordingly, the Court finds that it is compelled to reverse its earlier decision in *American Horse* and grant the motions to dismiss and for summary judgment on grounds of *res judicata*. In so doing, the Court finds that the prior order dismissing the claim in Law No. 11495 was a determination on the merits and "with prejudice."

As construed herein, the Court finds that the provisions of the statute providing for dismissal after three years are not constitutionally infirm. Even were the Court required to give notice prior to a dismissal with prejudice, plaintiff has available to it a meaningful post-deprivation remedy. *Fun v. V.M.I.*, 245 Va. 249 (1993).

Accordingly, the Court will grant the motion for summary judgment in Law No. 20074 and, as to the plea of recoupment in Chancery No. 18096, will dismiss such claims on grounds of *res judicata*.