# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Laura E. Hitt

v.

Dorothy McGowan

October 29, 1998

Case No. CL97-411

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the defendant is entitled to a dismissal of this case for lack of timely service pursuant to Rule 3:3.

## *Facts*

This action arises out of an automobile accident that occurred in Spotsylvania County on October 13, 1995.

Hitt instituted the action by motion for judgment filed on September 9, 1997, alleging that she sustained injuries in the accident as a result of the defendant's negligence. Hitt did not request service and paid no service fee to the clerk. Ms. McGowan was never served.

McGowan was aware of the suit because on September 21, 1998, she filed an answer, counterclaim, and motion to dismiss.

Shortly thereafter, Hitt moved for a nonsuit.

The court heard arguments on October 19, 1998, and took the case under advisement.

## *Dismissal for Lack of Timely Service*

Rule 3:3 provides in pertinent part:

No judgment shall be entered against a defendant who was served with process more than one year after commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service upon him.

The rule contemplates prompt good-faith efforts to secure service on a defendant once an action has been filed and gives a court authority to dismiss the action because of delay in the service of process. *Nelson v. Vaughan,* 210 Va. 1 (1969); *Dennis v. Jones,* 240 Va. 12 (1990). Also see Virginia Code § 8.01-275.1.

"Due diligence" is not an issue in this case. Hitt never attempted service upon McGowan.

Because this action has been pending for more than a year and no service upon the defendant has been effected or even attempted, Rule 3:3 and § 8.01-275.1 apply. The action must be dismissed since no judgment can be entered against the defendant.

## Hitt's Right to Nonsuit

Hitt contends that she has a right to take a nonsuit thereby pre-empting McGowan's pending motion to dismiss.

Virginia Code § 8.01-380 entitles a plaintiff to one nonsuit as a matter of right if the provisions of the statute are met. *Nash v. Jewell,* 227 Va. 230 (1984); *Bremer v. Doctor's Bldg. Partnership,* 251 Va. 74 (1996). This is so notwithstanding the plaintiff's failure to serve the defendant in a timely manner under Rule 3:3. *McManama v. Plunk,* 250 Va. 27 (1995).

The nonsuit statute provides that a plaintiff "shall not be allowed to nonsuit a cause of action without the consent of the adverse party who has filed a counterclaim, cross claim or third-party claim which arises out of the same transaction or occurrence … unless the counterclaim, cross claim, or third-party claim can remain pending for independent adjudication by the court." Section 8.01-380(C).

McGowan has filed a counterclaim. Therefore, Hitt's right to nonsuit is subject to the limitation of § 8.01-380(C).

In an effort to remove McGowan's counterclaim from consideration and thereby remove the limitation of § 8.01-380(C), Hitt asserts that the counterclaim should be stricken because it was not filed in good faith and is "a maneuver" to prevent Hitt from taking a nonsuit.

The court cannot strike the counterclaim based on Hitt's bare assertion that it is without merit. At argument, counsel for McGowan pointed out that the

accident occurred on Old Plank Road as Hitt was going from Cherry Road onto Old Plank Road and McGowan was entering Old Plank Road from a nearby Minnieland Day Care parking lot. McGowan contends that Hitt had a duty to stop at the intersection of Cherry Road and Old Plank Road and to look out for traffic entering Old Plank Road from other nearby points of entry, such as the Minnieland parking lot. Hitt claims that she had already entered Old Plank Road, was traveling on that primary travel route, and had no duty to someone entering Old Plank Road from a parking lot.

Regardless of which version of alleged facts is ultimately proven at trial, it is apparent that McGowan's counterclaim is not facially spurious or in bad faith. Therefore, it is not a nullity. *Gilbreath v. Brewster*, 250 Va. 436 (1995). The court cannot strike the counterclaim.

Finally, the court observes that a plaintiff's right to a nonsuit under § 8.01-380 is not precluded by a counterclaim, cross claim, or third-party claim if the counterclaim, cross claim, or third-party claim "can remain pending for independent adjudication." Section 8.01-380(C).

Rule 3:8 allows a defendant to plead as a counterclaim any claim, regardless of whether it relates to the original transaction or incident. Here, the defendant's counterclaim relates to the original incident; in other words, it claims that the plaintiff, not the defendant, is responsible for the accident of October 13, 1995, and therefore, liable for the defendant's damages, not vice versa as the plaintiff alleges in her motion for judgment. Thus, McGowan's claim could not be independently adjudicated because adjudication of one claim would be an adjudication of both. *Gilbreath, supra; Lee Gardens v. Arlington County Bd.*, 250 Va. 534 (1995).

## Conclusion

For the reasons explained, this case is controlled by *Gilbreath, supra,* and by this court's decision in *Skinner v. Clements*, 45 Va. Cir. 482 (1998).

The plaintiff is not permitted to suffer a nonsuit under the facts and circumstances of this case, and the defendant is entitled to dismissal under Rule 3:3.