## CIRCUIT COURT OF FAIRFAX COUNTY

Diana G. Earp

v.

Dynasty Hair Salon, Inc., et al.

March 17, 1999

Case No. (Law) 167299

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Defendant Jeannie Wilson's Motion to Dismiss the case against her with prejudice for failure to be timely served as required by Virginia Code § 8.01-275.1 and Rule 3:3 of the Virginia Supreme Court Rules. For the reasons set forth in this opinion, the Motion to Dismiss is granted, and the case against Defendant Jeannie Wilson is dismissed with prejudice.

On December 5, 1997, Plaintiff, Diana G. Earp, *pro se*, filed a two-count Motion for Judgment against Defendants Dynasty Hair Salon and Jeannie Wilson, both individually and as an agent and employee of the Salon. Count I sets forth a claim for negligence arising from severe burns to Plaintiff's scalp which allegedly occurred as a result of a hair treatment rendered to Plaintiff by Defendant Jeannie Wilson at the Salon. Count II attempted to set forth a product liability claim for breach of warranty. On December 18, 1998, Judge Robert W. Wooldridge sustained a demurrer dismissing Count II with prejudice.

No service was attempted on either Defendant until the fall of 1998, over ten months later, after Plaintiff consulted counsel, David Hilton. On October 22, 1998, Mr. Hilton wrote to the Clerk's Office for the Circuit Court of Fairfax County requesting service and directing the Clerk to use the addresses indicated on the Motion for Judgment. Jeannie Wilson's address was listed in

care of the Salon. The returns of service indicate that the Salon was served on November 5, 1998, but that Jeannie Wilson could not be found at that address.

On December 11, 1998, Jeannie Wilson, through counsel, filed her first Motion to Dismiss for failure to timely serve. Mr. Hilton, by purported special appearance, responded to that motion stating that he did not represent the Plaintiff but that he had requested service on both Defendants. (Since that time, Mr. Hilton has formally entered an appearance on behalf of the Plaintiff.) Mr. Hilton further asserted that he had received a postcard from the sheriff's office erroneously indicating that Jeannie Wilson had been served. On December 18, 1999, a hearing was held on the motion. Judge Wooldridge denied the Motion to Dismiss and granted Plaintiff an additional sixty days in which to serve Jeannie Wilson. The deadline for service was thus February 16, 1999. No finding of due diligence was made by Judge Wooldridge.

Plaintiff contends that she was "unable" to ascertain Ms. Wilson's address until the receipt of the Salon's responses to discovery. At a hearing before this Court on March 12, 1999, the parties stipulated that following Judge Wooldridge's ruling on December 18, 1999, Plaintiff waited an additional fifteen days before propounding any such discovery. On January 29, 1999, the Salon timely filed Answers to Interrogatories. The parties have also stipulated that upon receipt of these discovery responses, Plaintiff had eighteen days remaining in which to serve Ms. Wilson. On February 4, 1999, Mr. Hilton again wrote to the Clerk's Office asking for service on Jeannie Wilson in Frederick County. The parties agree that service was effected on February 22, 1999, six days beyond the deadline. On February 25, 1999, Jeannie Wilson filed the instant Motion to Dismiss for failure to timely serve and a lack of due diligence in effecting the same. Plaintiff opposes this Motion, asserting that she made reasonable efforts to effect service and that the additional six days caused no prejudice to Defendant Wilson.

Rule 3:3 mandates that:

> no judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

In 1994, the General Assembly codified this Rule. *See* Va. Code § 8.01-275.1; *Gilbreath v. Brewster*, 250 Va. 436, n. 3 (1995). The purpose of the timely service requirement is to avoid abuse of the judicial system. *See, Gilbreath*, 250 Va. at 442. An extension of the one-year rule requires a finding by the trial

court that the Plaintiff used due diligence in attempting to secure service. *See*, Rule 3:3; Va. Code § 8.01-275.1; *Gilbreath*, 250 Va. at 442. Whether due diligence has been used is a factual determination to be adduced from the circumstances of each case. *See id.* Dismissal for failure to timely serve is with prejudice and is aimed at preventing litigants from repeatedly filing actions without a serious attempt to serve a defendant. *See, Gilbreath*, 250 Va. at 442.

In *Dennis v. Jones*, 240 Va. 12 (1990), the Virginia Supreme Court considered the meaning of "due diligence" in the context of the propriety of service on an alleged tortfeasor through the Commissioner of the Division of Motor Vehicles. There, the Court decided that service on the defendant through the Commissioner of the Division of Motor Vehicles was ineffective because the underlying affidavit erroneously claimed that the defendant was a non-resident and the plaintiff was unable with due diligence to ascertain the defendant's address. *See Dennis*, 240 Va. at 16-17. In evaluating the plaintiff's efforts to locate the defendant under Virginia Code § 8.01-316, the Court explained that "diligence means 'devoted and painstaking application to accomplish an undertaking'." *Dennis v. Jones*, 240 Va. 12, 20 (1990) (citations omitted). The Supreme Court reversed the default judgment entered by the trial court and dismissed the action under Rule 3:3, applying its diligence analysis under § 8.01-316 to due diligence under Rule 3:3. *See, id.* at 19-20.

While Plaintiff made some effort to effect service on Defendant Jeannie Wilson, this effort does not meet the due diligence standard required to avoid dismissal. Notwithstanding Plaintiff's representation that she was misled by the sheriff's office regarding her first attempt to serve Ms. Wilson, a cursory review of the court's file would have readily indicated that, in fact, Ms. Wilson was "not found" at the Salon. Moreover, even after the extension of the deadline to a date beyond the one-year limit imposed by Rule 3:3, Plaintiff undertook no independent investigative effort to ascertain Ms. Wilson's address, choosing instead to rely solely on discovery which, itself, was not propounded until fifteen days after Judge Wooldridge's order. Upon receipt of these discovery responses, Plaintiff then relied solely on the Clerk's Office to internally process the necessary paperwork and then forward this paperwork to the Frederick County Sheriff's Office in order to effect service. There is no evidence that Plaintiff requested or made attempts for expedited handling by either the Fairfax County Circuit Court Clerk's Office or the Frederick County Sheriff's Office.

The facts and circumstances of this case demonstrate that Plaintiff made no attempt at service until shortly before the expiration of the one-year period

and then, when granted an extension by the court, took only minimal steps to serve Ms. Wilson within the extension. This Court declines to equate these efforts with the "devoted and painstaking" standard established by the Virginia Supreme Court. The purpose and intent of Rule 3:3 and Virginia Code § 8.01-275.1 would indeed be frustrated by a finding that Plaintiff's casual attempts to serve Defendant Wilson rise to a level of due diligence. Accordingly, the Court finds that due diligence was not employed by Plaintiff to effect service within the one-year limit imposed by Rule 3:3 and Virginia Code § 8.01-275.1 or the extension granted by Judge Wooldridge. Therefore, the Motion to Dismiss the case against Defendant Jeannie Wilson with prejudice is granted.