# CIRCUIT COURT OF FAIRFAX COUNTY

Gilbert J. Pilkington

v.

NVC of Vienna, Inc.,
and Schwinn Bicycle Co.

December 8, 1999

Case No. (Law) 170476

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Defendant NVC of Vienna, Inc.'s Demurrer and Plea in Bar. NVC seeks dismissal of the claims filed by Plaintiff Gilbert J. Pilkington against it. In its Demurrer and Plea in Bar, NVC asserts that Pilkington fails to set forth sufficient facts or circumstances to allow recovery for negligence under Count I and that the statute of limitations expired before Pilkington filed his Motion for Judgment in this matter. NVC concedes that Pilkington had timely filed a previous Motion for Judgment against it. It asserts, however, that the nonsuit taken in that action could not toll the running of the statute of limitations because (1) NVC was never served with process in the prior action and (2) the nonsuit prejudiced its rights in contravention of the Virginia constitution. Specifically, NVC contends that it no longer may file claims for contribution or indemnification against Schwinn Cycling & Fitness, Inc. ("SCF"), the manufacturer of the subject bicycle, as the statute of limitations has expired on any such claims. For the reasons articulated below, the Court overrules the Demurrer and Plea in Bar.

## I. *Background*

This lawsuit concerns, in part, allegations of negligence and breach of warranty against NVC, arising from the sale and repair of a Schwinn bicycle,

owned by Pilkington, which allegedly caused an accident on or about August 22, 1994. Pilkington originally brought suit against NVC and Schwinn Bicycle Company ("SBC") on August 21, 1996, the final day before the statute of limitations would bar any recovery. *See* Va. Code § 8.01-243(A). That lawsuit was nonsuited on October 6, 1997, without service of process ever being effected on NVC. The present suit was initiated on March 31, 1998, when Pilkington filed a Motion for Judgment against NVC and SBC within the six-month nonsuit extension period prescribed by Virginia Code § 8.01-229(E)(3). Service was made on NVC on March 18, 1999, and on SBC on March 30, 1999. On March 31, 1999, Pilkington filed a Motion to Correct Name of Defendant Schwinn Bicycling Company to Schwinn Cycling and Fitness, Inc. On May 7, 1999, plaintiff was granted leave to file amended pleadings within twenty-one days. On May 21, 1999, plaintiff filed an Amended Motion for Judgment which obviously left out the second page containing paragraphs 4-9 of the pleading. On May 24, 1999, plaintiff filed his Corrected Amended Motion for Judgment, which contained the previously-deleted page two.[1] NVC filed the instant Demurrer and Plea in Bar on June 7, 1999.

## II. *Analysis*

### A. *Demurrer*

NVC alleges that Pilkington has failed to state sufficient allegations of material fact against it in Count I of the Corrected Amended Motion for Judgment. Under Virginia law, a demurrer admits all material facts properly pleaded. *CaterCorp v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993). The facts admitted are those expressly alleged, reasonably implied, or fairly inferable. *See id.* A Motion for Judgment will withstand demurrer when it contains sufficient allegations of material fact to give notice to the Defendant of the nature of a cognizable claim against it. *See id.* In Count I of the Corrected Amended Motion for Judgment, Pilkington alleges (1) that NVC negligently repaired his bicycle, (2) that NVC assured him that removing certain safety features from the bicycle would not create additional or unreasonable risks, and (3) that these actions and representations subsequently

---

[1] No objection has been lodged to the filing of the Corrected Amended Motion for Judgment, and the Court will tentatively treat it as a pleading filed with leave of court. However, an order should probably be entered granting leave to file this "second" Amended Motion for Judgment. *See Mechtensimer v. Wilson*, 246 Va. 121 (1993).

caused his injuries. Furthermore, Pilkington alleges that NVC employees were authorized dealers and repair personnel of SCF. Taking these allegations and all reasonable implications and inferences therefrom as true, as the Court must at this state of the proceedings, Count I puts NVC on sufficient notice of the claim against it to withstand demurrer. Accordingly, the Demurrer to Count I is overruled.

B. *Plea in Bar*

*1. The Right to Nonsuit*

NVC argues that Pilkington should not have been allowed to nonsuit the previous action against it because service was not made on NVC within one year of the filing date. It contends that the Court's granting of the nonsuit in the previous action effectively circumvented Rule 3:3 of the Supreme Court Rules. Rule 3:3 reads in pertinent part that "[n]o judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him."

Code § 8.01-380 allows a plaintiff an absolute right to take one nonsuit of any cause of action or claim that has not been stricken from the case or submitted to the trier of fact for decision. *Dalloul v. Agbey*, 255 Va. 511, 514 (1998); *Bremer v. Doctor's Bldg. Partnership*, 251 Va. 74, 81 (1996). Code § 8.01-229(E) tolls the statute of limitations during the pendency of any prior proceeding and for six months after the granting of a nonsuit, if the provisions of Code § 8.01-380 have been satisfied.

In *Clark v. Butler Aviation*, 238 Va. 506 (1989), the Supreme Court rejected the argument that Rule 3:3 limits a plaintiff's right to nonsuit when process is not served within one year of the initiation of the suit. NVC seeks to avoid the *stare decisis* effect of the Supreme Court's holding in *Butler Aviation* by relying on the Court's subsequent decisions in *Gilbreath v. Brewster*, 250 Va. 436 (1995), and *McManama v. Plunk*, 250 Va. 27 (1995). NVC's reliance on these decisions is misplaced.

The decision in *Gilbreath* is clearly inapposite. In *Gilbreath* the Court addressed whether a dismissal under Rule 3:3 was with or without prejudice. The issue of a plaintiff's right to nonsuit when service was not accomplished within one year was not before the Supreme Court. Similarly, the issue of the effect of a dismissal under Rule 3:3 is not before this Court.

In *McManama*, the defendant contended that he had a constitutional entitlement and vested rights in the statute of limitations and Rule 3:3 defenses that would have been violated if the trial court allowed a nonsuit after the

expiration of the one-year window for process to be served. The Supreme Court rejected that argument and held that "[t]he grant of the nonsuit did not operate to deprive Plunk of any valid or vested defense of the statute of limitations, or of the time limits of Rule 3:3 ... ." *Id.* at 34.

Assuming, without deciding, that the decision in *McManama* could support NVC's position herein, NVC must first establish actual prejudice to it arising from the nonsuit in the prior action.

### 2. Prejudice to NVC's Claims for Contribution or Indemnification

At oral argument, NVC asserted that it has property interests in its potential claims for contribution and indemnification against SCF that transcend the rights asserted by the defendants in *McManama* and *Butler Aviation*.[2] It contends that these causes of action accrued when Pilkington suffered his injuries on August 22, 1994, and, as it had no notice of Pilkington's claims against it until well after it could no longer sue SCF, its due process rights have been violated. NVC misreads the appropriate Virginia Code sections and fails to consider binding precedent by the Virginia Supreme Court.

Actions for contribution and indemnification are governed by Virginia Code § 8.01-246(4) and must be commenced within three years after the accrual of the cause of action. *See Gemco-Ware, Inc. v. Rongene Mold & Plastics*, 234 Va. 54, 59 (1987). Actions for contribution or indemnification do not accrue until after the contributee or indemnitee has paid or discharged the obligation. Va. Code § 8.01-249(5). Hence, NVC's claims against SCF have not yet accrued and therefore cannot be barred by the statute of limitations.

Nor is NVC's argument buttressed by the enactment of Virginia Code § 8.01-281(A). That section reads as follows:

A party asserting either a claim, counterclaim, cross-claim, or third-party claim or a defense *may* plead alternative facts and theories of recovery against alternative parties, provided that such claims, defenses, or demands for relief so joined arise out of the same transaction or occurrence. Such claim, counterclaim, cross-claim, or

---

[2] At a subsequent hearing, counsel for NVC conceded that if its third-party claims for contribution and indemnification against SCF are not barred by the applicable statute of limitations, then it has not been prejudiced by the prior nonsuit, and its Plea in Bar should therefore be overruled.

> third-party claim may be for contribution, indemnity, subrogation, or contract, express or implied; it may be based on future potential liability, and *it shall be no defense thereto* that the party asserting such claim, counterclaim, cross-claim, or third-party claim *has made no payment or otherwise discharged any claim* as to him arising out of the transaction or occurrence.

(Emphasis supplied.)

This section and the corresponding Supreme Court Rule, Rule 3:10(a) merely authorize litigation of these claims in the underlying action as a means of promoting judicial economy. They neither mandate the filing of all such claims in the underlying action nor affect the settled principle that the rights to contribution and indemnification otherwise arise only upon payment or discharge of the joint obligation. *Gemco-Ware*, 234 Va. at 57; *Nationwide Mut. Ins. Co. v. Jewel Tea Co.*, 202 Va. 527, 532 (1961); *McKay v. Citizens Rapid Transit Co.*, 190 Va. 851, 857-59 (1950).

Finally, the Court rejects NVC's position that its claims against SCF may be precluded because Pilkington's claims against SCF may be determined to be untimely, and a right to contribution is dependent on an enforceable claim by the original plaintiff against the party from whom contribution is sought. As the Supreme Court held in *Gemco-Ware*, a plaintiff's claim against a third-party defendant need not be *presently* enforceable. *Id.* at 58. It is sufficient that the plaintiff, *at some time* in the past, had an enforceable cause of action against the party from whom contribution is sought. *Id.* Contrast *VEPCO v. Wilson*, 221 Va. 979, 981 (1981) (plaintiff's exclusive remedy against potential contributor was under Workmen's Compensation Act), and *Norfolk Southern R.R. v. Gretakis*, 162 Va. 597 (1934) (plaintiff's claim against proposed contributor was barred by then existing doctrine of parental immunity), where the Supreme Court found no right to contribution.

Therefore, because the applicable statute of limitations has not expired with respect to any third-party claims, NVC may file for contribution and indemnification, and the Court is not persuaded that NVC has suffered any prejudice to its property rights as a result of the nonsuit granted in the prior action. Accordingly, the Court overrules NVC's Plea in Bar.

For the reasons set forth above, NVC's Demurrer and Plea in Bar are overruled.