# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Elias Doulgerakis

v.

Ozita Cooper,
Gloria Jackson,
Peter Vonu,
and Riverside
Regional Medical Center

January 31, 2002

Case No. (Law) 26978-VA

By Judge Verbena M. Askew

The parties appeared before this Court on October 4, 2001, in the above matter concerning Defendant, Dr. Jackson's motion to dismiss and Plaintiff's motion to nonsuit. The Court granted Plaintiff's motion to nonsuit Defendant, Dr. Jackson. The issue now before the Court is the Defendant, Dr. Jackson's motion to reconsider the ruling to nonsuit this action against her and grant the motion to dismiss. The Court requested briefs and an evidentiary hearing set for January 22, 2002, to determine the issues of due diligence and attempted service upon Dr. Jackson. The Court, upon reconsideration, denies the Plaintiff's motion to nonsuit the action against Defendant, Dr. Jackson. The Court grants Defendant, Dr. Jackson's motion to dismiss because Plaintiff's attempts to serve Defendant, Dr. Jackson did not rise to the level of due diligence.

*Background*

This is a medical malpractice action. The Plaintiff was admitted to the Riverside emergency room on May 10, 1997, and was treated for a wrist injury caused by a human bite suffered in an assault. Allegedly, Defendant Dr. Cooper cleaned and examined the wound but failed to order x-rays of the wound. Plaintiff was released from the hospital. The next day, the wrist was swollen and later became infected.

On May 13, 1997, Plaintiff again visited Riverside's emergency room, where Defendant Dr. Jackson allegedly re-examined and cleaned the wound but also did not order the wound to be X-rayed. Within days, the wrist became very swollen and immobile. Plaintiff then visited the emergency room at Mary Immaculate Hospital where X-rays were taken and revealed the presence of several tooth fragments in Plaintiff's wrist. Plaintiff was referred to Defendant Dr. Vonu, who soon thereafter performed surgery on the wrist to remove the tooth fragments.

Allegedly, Dr. Vonu carelessly and negligently caused to be left in the wrist, after closing the wound, other fragments of tooth, which were revealed by another X-ray at Mary Immaculate Hospital on May 30, 1997. Plaintiff returned to Defendant Dr. Vonu for further surgery to remove the remaining fragments of tooth from the wrist. Plaintiff seeks $4,000,000 in damages, plus costs, jointly and severally from the Defendants.

No service was attempted on the Defendant, Dr. Jackson until April 4, 2000, over eleven months after the motion for judgment had been filed. The attempted service was as a result of the request made by the Plaintiff's first attorney, John W. Acree. The return of service indicates that the doctor "no longer works for Riverside Hospital per Mrs. Friend." The Plaintiff did not request a second service attempt on Dr. Jackson until June 21, 2001. Dr. Jackson was finally served on June 29, 2001, by request of his third attorneys, Mr. John G. Stepanovich and Mr. Barry R. Taylor. Defendant, Dr. Jackson filed grounds of defense and a cross-claim in this case simultaneously with the motion to dismiss. Plaintiff subsequently requested the Court to nonsuit the action against Dr. Jackson. The Court originally granted Plaintiff's motion to nonsuit this action against Defendant, Dr. Jackson. It reconsidered the ruling on January 22, 2002.

An evidentiary hearing was held on January 22, 2002. The Plaintiff testified that his first attorney, Mr. John W. Acree was incarcerated sometime while representing him in this case. There was evidence that the Plaintiff subsequently hired, first Mark A. Lightfoot, an attorney, and lastly Barry R. Taylor and John G. Stepanovich. Barry R. Taylor appeared on January 22, 2002, as counsel of record for the Plaintiff. There is no evidence that shows

that diligent attempts were made to locate Dr. Jackson or that her address was not readily obtainable. Dr. Jackson testified on January 22, 2002, that she had been at the same residence during this period, that her current address was registered with the Virginia Board of Medicine, and that she first was aware of this lawsuit on June 29, 2001.

## Discussion

### Due Diligence

Rule 3:3 mandates that no judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the Court finds as a fact that the Plaintiff exercised due diligence to have timely service on him. In 1994, the General Assembly codified this Rule. *See* Va. Code § 8.01-275.1; *Gilbreath v. Brewster*, 250 Va. 436, 463 S.E.2d 836 (1995). The purpose of the timely service is to avoid abuse of the judicial system. An extension of the one-year rule requires a finding by the trial court that the Plaintiff used due diligence in attempting to secure service. *See* Rule 3:3; Va. Code § 8.01-275.1; *Gilbreath*, 250 Va. 436, 442. Whether due diligence has been used is a factual determination to be adduced from the circumstances of each case. Dismissal for failure to timely serve is with prejudice and is aimed at litigants repeatedly filing actions without a serious attempt to serve a defendant. *See Gilbreath*, 250 Va. 436, 442.

The Courts have interpreted the meaning of due diligence. The noun "diligence" means devoted and painstaking application to accomplish an undertaking. *STB Marketing Corp. v. Zolfaghari*, 240 Va. 140, 393 S.E.2d 394 (1990). See also *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990).

In this case, the motion for judgment was filed May 10, 1999. The first attempt to serve Dr. Jackson was April 4, 2000, eleven months after the suit was filed. The return indicated, "no longer works for Riverside Hospital per Mrs. Friend." The Plaintiff did not call any local hospitals to determine if Dr. Jackson worked there. There was no attempt to contact the Virginia Board of Medicine to obtain the current address of Dr. Jackson. The Plaintiff did not request a second service attempt on Dr. Jackson until June 21, 2001. There is no evidence that shows that diligent attempts were made to locate Dr. Jackson or that her address was not readily obtainable. The Court finds that the Plaintiff did not exercise due diligence in obtaining service on Dr. Jackson.

*Nonsuit and Cross-Claim*

Virginia Code § 8.01-380 provides that one nonsuit may be taken to a cause of action or against the same party to a proceeding, as a matter of right. However, a party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a counterclaim, cross-claim, or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit, unless the counterclaim, cross-claim, or third-party claim can remain pending for independent adjudication ·by the Court. The Defendant, Dr. Jackson filed a cross-claim against Dr. Vonu and did not consent to a nonsuit of the action against her. The law is clear, that if a cross-claim is filed, a nonsuit will not be allowed.

Pursuant to Rule 3:9 of the Rules of the Supreme Court of Virginia, a defendant may plead as a cross-claim any cause of action that he has or may have against one or more other defendants growing out of any matter pleaded in the motion for judgment. A cross-claim shall be filed within twenty-one days after service of the notice of motion for judgment on the defendant asserting the cross-claim. The Defendant, Dr. Jackson filed a cross-claim against Defendant, Dr. Vonu within twenty-one days of being served with the motion for judgment.

The Plaintiff brings several issues before the Court. First, Plaintiff argues that the Defendant has made a general appearance by filing a cross-claim. The Courts have held that filing pleadings such as a grounds of defense and a cross-claim are considered a general appearance which is a waiver of process which confers jurisdiction of that person on the Court. *Nixon v. Rowland,* 192 Va. 47 (1951). As such, the Plaintiff argues the Defendant waives her right to argue Rule 3:3 and § 8.01-275.1. Defendant, Dr. Jackson was served with process June 29, 2001. After receiving notice of the motion for judgment, Dr. Jackson filed a grounds of defense, a cross-claim, and a motion to dismiss. Virginia Code § 8.01-277 provides that a person who has been served with process may take advantage of any defect in the issuance, service, or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading of the merits. Process was defective because it was untimely. Dr. Jackson filed the motion to dismiss for defective service simultaneously with the filing of the grounds of defense and the cross-claim. Dr. Jackson was compelled to file a grounds of defense at that time to avoid suffering a default judgment. The Defendant did not therefore waiver her right to assert Rule 3:3 and § 8.01-275.1.

Second, the Plaintiff argues that the cross-claim can be independently adjudicated and therefore the motion to nonsuit should be granted. Dr. Jackson's cross-claim against Dr. Vonu is contingent on Dr. Jackson's being

found liable for injuries to the Plaintiff. If the case is nonsuited against Dr. Jackson, the Court cannot adjudicate the cross-claim against Dr. Vonu. Both arguments fail, as the cross-claim was timely filed and cannot be adjudicated separately. The Court finds that the filing of the cross-claim precludes the Plaintiff from obtaining a nonsuit of Dr. Jackson.

## Motion to Dismiss

Pursuant to Rule 3:3 of the Rules of the Virginia Supreme Court, no judgment can be entered against a defendant who is served with process more than a year after commencement of the action, unless the Court finds that the Plaintiff exercised due diligence to have timely service. Counsel stipulate to the fact that Dr. Jackson was not served within one year of filing the motion for judgment. However, a motion to dismiss would be denied if the Plaintiff exercised due diligence in serving the Defendant. As stated earlier, the Court finds that the Plaintiff did not exercise due diligence in this case and therefore dismissal of this action is appropriate.

The Supreme Court of Virginia has interpreted Rule 3:3 of the Virginia Supreme Court Rules. In *Gilbreath v. Brewster*, 250 Va. 436, 463 S.E.2d 836 (1995), service was obtained on both Defendants approximately thirteen months after the actions were filed. The Defendants filed responsive pleadings, asserted a counterclaim and third-party contribution. In addition, the Defendant filed a motion to dismiss for failure to effect service within one year after the commencement of the action pursuant to Rule 3:3. The trial court initially granted the Plaintiff's nonsuit. The nonsuit order was later vacated after the Court determined that a third-party claim and the counterclaim could not be independently adjudicated. The Court held that the dismissal under Rule 3:3 is a dismissal with prejudice. *See Gilbreath v. Brewster*, 250 Va. 436, 442.

The Supreme Court of Virginia revisited Rule 3:3 in *Gilpin v. Joyce*, 257 Va. 579, 515 S.E.2d 124 (1999). Plaintiff filed a motion for judgment on June 20, 1996, and did not request service of process. On October 30, 1997, Defendant, who was never served with a notice of Plaintiff's motion for judgment, filed a motion to dismiss pursuant to Virginia Supreme Court Rule 3:3, along with a grounds of defense and a counterclaim. The trial court initially granted Defendant's motion and dismissed Plaintiff's motion for judgment with prejudice. Plaintiff appealed and the Supreme Court reversed and remanded, explaining that the Defendant made a general appearance by filing a grounds of defense and a counterclaim. A general appearance "is a waiver of process, equivalent to personal service of process and confers jurisdiction of the person on the court." *See Gilpin v. Joyce*, 257 Va. 579,

581. His voluntary appearance, when there *was no service*, subjected him to the jurisdiction of the Court and was equivalent to personal service. The Court went on to explain that the Defendant was not entitled to protection under Rule 3:3 because the rule only applied as a bar to a judgment entered against him where service of the Defendant had been effected. *See Gilpin v. Joyce*, 257 Va. 579, 583.

The distinction between *Gilbreath* and *Gilpin* is that in *Gilbreath* service was actually secured and the appearance was necessary to avoid default judgment. In *Gilpin*, the Defendant was never served with notice of the Plaintiff's motion for judgment. The present case is analogous with *Gilbreath*. Dr. Jackson, though untimely served, was ultimately served with process. This allowed her protection under Rule 3:3. Had Dr. Jackson filed a grounds of defense, a cross-claim, and a motion to dismiss without ever receiving notice of Plaintiff's motion for judgment, the Court would decide the case according to the ruling in *Gilpin*. The Court grants Defendant's motion to dismiss with prejudice.

### Conclusion

For the reasons stated above, the Motion to Nonsuit is denied and the Plaintiff's motion for judgment against Dr. Jackson is dismissed with prejudice.