## CIRCUIT COURT OF FAIRFAX COUNTY

Goldstein

v.

Bourgad

June 7, 2005

Case No. (Law) 220835

BY JUDGE JONATHAN C. THACHER

This matter came before this Court on the Defendant's Plea in Bar on May 20, 2005. At that time, the Court took the matter under advisement. After reviewing the pleadings, and considering counsels' arguments, the Court reaches the findings and conclusions stated below.

*Factual and Procedural Background*

This personal injury automobile accident case was originally filed on February 20, 2004. The parties appeared before Judge MacKay on the Defendant Bourgad's Motion to Quash Service on March 25, 2005. The Defendant argued that service was defective under the United States Constitution and Virginia Rule of Court 3:3 because the Plaintiff's "Proof of Service" failed to include a Notice of Motion for Judgment. The Court record contained a "Proof of Service" by a private process server filed with the Clerk of the Circuit Court on February 4, 2005. Judge MacKay granted the Motion to Quash but gave the Plaintiff Goldstein thirty days to properly serve the Defendant or have the cause dismissed. Defendant's counsel filled out the Order and signed it without objecting to the additional thirty days granted by Judge MacKay. Transcript of Hearing on Defendant's Plea in Bar motion May 20, 2005, at 14-15.

The Plaintiff effected proper service on April 14, 2005, and the Defendant filed an Answer and Grounds of Defense and counterclaim on May 4, 2005.

The Defendant filed this Plea in Bar on May 4, 2005, arguing that the proper service was effected after the one year time limit mandated by Virginia Rule of Court 3:3 and that the Plaintiff failed to exercise "due diligence" in serving the Defendant. The Defendant asks that the case be dismissed with prejudice.

## Analysis

"No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service upon him." *Gilbreath v. Brewster*, 250 Va. 436, 439, 463 S.E.2d 836, 837 (1995) (quoting Va. Sup. Ct. Rule 3:3 (2005)). "Due diligence" has been held by the Virginia Supreme Court to be a "devoted and painstaking" effort at effecting service, a determination to be made by the court with regard to the circumstances of each case. *Dennis v. Jones*, 240 Va. 12, 19, 393 S.E.2d 390, 393-94 (1990). Consistent with this is the trial court's authority to "strike the proof of service or permit amendment of the process or its return as may seem *just*." Va. Code Ann. § 8.01-277 (2004) (emphasis added).

Here, the *pro se* Plaintiff's original attempt to serve the Defendant failed to include the Notice of Motion for Judgment. Judge MacKay granted the Defendant's Motion to Quash service but granted the Plaintiff an additional thirty days to properly serve the Defendant. Consistent with the Court's authority under § 8.01-277, Judge MacKay determined that the Plaintiff exercised sufficient "due diligence" as required and granted the thirty day extension.

Casual or minimal attempts at service fail the "due diligence" requirements of Rule 3:3 and Va. Code Ann. § 8.01-275.1 (2004). *Earp v. Dynasty Hair Salon, Inc.*, 48 Va. Cir. 292 (1999). While this case is not binding precedent, it is instructive because it shows the court's analysis of what does not constitute a good faith effort at service. In *Earp*, the plaintiff only made minimal attempts at service even after the judge granted an extension of the one-year limit. Here, the defect in service was corrected and service was properly made within the thirty day extension.

Defendant relies upon *Gilbreath*, 250 Va. 436, 463 S.E.2d 836, arguing that the cause be dismissed with prejudice because the Plaintiff's

actions did not rise to the level of "due diligence" required under *Dennis*, 240 Va. 12, 393 S.E.2d 390. The requirement of "due diligence" and the dismissal of cases with prejudice are aimed at preventing the abuse of the judicial system. *Gilbreath*, 250 Va. at 441, 436 S.E.2d at 838. There is no finding, or any other indication in the record that Plaintiff was abusing the system.

Whether sufficient "due diligence" was exercised by the Plaintiff is determined by the court. *Dennis*, 240 Va. at 19, 393 S.E.2d at 393-94. Here, Judge MacKay's Order implies that "due diligence" was found when the court granted the additional thirty days. Thus Defendant's reliance on *Gilbreath* is misplaced because Gilbreath is distinguishable because the trial court in that matter determined that the plaintiff failed to exercise "due diligence." *Gilbreath*, 250 Va. at 438, 463 S.E.2d at 837.

In addition, the proper time for a due diligence objection was at the time when the Order was issued by Judge MacKay. The Defendant failed to raise an objection even though Defendant's counsel had ample opportunity to object at the time the Order was issued. Defendant's counsel personally prepared Judge MacKay's Order and signed it without objection at the time the Order was issued. It is a well settled principle of law that a party must make known to the court that it objects to the court's ruling at the time the ruling is made otherwise the issue is waived. *See* Va. Sup. Ct. Rule 5A:18 (2005). The record contains no objection to Judge MacKay's grant of an additional thirty days to the Plaintiff to properly serve the Defendant. What the record does contain is Judge MacKay's Order signed *without objection* by the Defendant's counsel. *See* Order March 25, 2005.

## Conclusion

Defendant now comes before this Court, more than a month after Judge MacKay's ruling, essentially asking this Court to vacate Judge MacKay's Order. The Defendant fails to provide any record of an objection at the time the ruling was made; furthermore, what is in the record, Judge MacKay's Order, clearly demonstrates that the Defendant's counsel prepared and signed the Order without an objection. It would be improper for this court to reconsider Judge MacKay's ruling. The Defendant's Plea in Bar is dismissed.