# CIRCUIT COURT OF FAIRFAX COUNTY

Tammy G. Flagler

v.

Liberty Mutual Ins. Co.

March 9, 2007

Case No. CL-2005-7162

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on February 23, 2007, on Counsel for Liberty Mutual Insurance's ("Liberty Mutual") Motion to Dismiss made by special appearance on behalf of Mr. Jared Klose to Plaintiff Tammy G. Flagler's personal injury suit. After considering the written pleadings and arguments at the February 23, 2007, hearing, the Court reaches the findings of fact and conclusions stated below:

*Background*

Plaintiff alleges in her Motion for Judgment that she was injured in an automobile accident on December 4, 2003. This suit was originally filed by the Plaintiff *pro se* on December 2, 2005. The Motion for Judgment was styled "Tammy G. Flagler v. Liberty Mutual Insurance" noting the insured as Jared Klose.[1] Service on Mr. Klose was returned "not found" on December 29, 2005. Service on Liberty Mutual was also returned "not found" on December 29, 2005.

---

[1] There is some question as to whether Mr. Klose was named as a defendant in this suit because of the styling of the Plaintiff's Motion for Judgment. As the Motion for Judgment was *pro se* the Court is considering [him to be a party].

Liberty Mutual filed an Answer on November 28, 2006. There has been no service on Mr. Klose; nor has Mr. Klose filed an Answer to the Motion for Judgment.

On January 29, 2007, Liberty Mutual filed this Motion to Dismiss by special appearance on behalf of Mr. Klose. Liberty Mutual argues that, as no service has been perfected upon Mr. Klose within twelve months of commencement of the action, the action against Mr. Klose should be dismissed under Va. Code § 8.01-275.1 and Rule 3:3 of the Rules of the Supreme Court of Virginia. In addition Liberty Mutual argues that the two year statute of limitations has run on the personal injury action with regards to Mr. Klose because the accident occurred on December 4, 2003, more than three years prior to the filing of their Motion to Dismiss.

Plaintiff filed no written response to Defendant Liberty Mutual's Motion to Dismiss Mr. Klose.

*Analysis*

Va. Code § 8.01-275.1 states that "service of process in an action or suit within twelve months of commencement of the action or suit against a defendant shall be timely as to that defendant. Service of process on a defendant more than twelve months after the suit or action was commenced shall be timely upon a finding by the court that the plaintiff exercised due diligence to have timely service made on the defendant."

Rule 3:3 states that "[n]o judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him." And diligence means a "devoted and painstaking application to accomplish an undertaking." *Earp v. Dynasty Hair Salon, Inc.*, 48 Va. Cir. 292 (Fairfax, 1999).

Mr. Klose has not been served and did not make an appearance in this matter; this Motion to Dismiss was filed by Liberty Mutual on his behalf by special appearance. Any action by a defendant, except an objection to jurisdiction, recognizing a case as in court amounts to a general appearance and such constitutes "waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court." *Gilpin v. Joyce*, 257 Va. 579, 581, 515 S.E.2d 124, 125 (1999).

However, Va. Code § 8.01-277 allows "a person, upon whom process has not been served within one year of commencement of the action against him" to make a special appearance to file a motion to dismiss which does not

constitute a general appearance. And upon a finding that the plaintiff failed to exercise due diligence to perfect timely service, the court "shall dismiss the action with prejudice." *Id.*

This action was filed on December 2, 2005, more than fourteen months prior to the hearing date. The Plaintiff was advised that she must obtain service upon Mr. Klose at a September 7, 2006, scheduling conference. At that scheduling conference, an Order was entered, endorsed by the Plaintiff, continuing the scheduling conference to November 7, 2006, to allow the Plaintiff time to serve Mr. Klose. To date, the Plaintiff still has not obtained service upon Mr. Klose and has failed to exercise due diligence in affecting such service.

As the Plaintiff has failed to exercise due diligence in perfecting service upon Mr. Klose, the Court grants Liberty Mutual's Motion to Dismiss with regards to Mr. Klose with prejudice.

## *Order*

This matter came before the Court on February 23, 2007, on Defendant Liberty Mutual's Motion to Dismiss made by special appearance on behalf of Jared Close, and it appearing to the Court that the Plaintiff has failed to exercise due diligence in serving Mr. Klose and it further appearing to the Court that more than twelve months have passed since the filing of this action, it is therefore ordered that Defendant Liberty Mutual's Motion to Dismiss is granted and it is further ordered that the Plaintiff's action against Mr. Jared Klose is dismissed with prejudice.